**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| MARK ANTHONY ARNOLD | ) | CASE NO. 23-31335-pes |
| | ) | CHAPTER 13 |
| Debtor | ) | |

**TRUSTEE'S OBJECTION TO CONFIRMATION**

AND COMES NOW the Chapter 13 Trustee ("Trustee"), Tracy L. Updike, and in support of her Objection to Confirmation states as follows:

1. Trustee objects to confirmation as the Plan fails to meet the best interests of creditors test under 11 U.S.C. §1325(a)(4) as:

   a. Trustee has requested but not yet received the date of filing bank balances for Debtor's financial accounts requested pursuant to F.R.B.P. Rule 4002(b). This information is necessary to determine if there is any nonexempt equity in these accounts.

   b. The Plan fails to provide for any tax refunds received during the Plan term. Refunds over the prorated amount must be turned over as required by *Marshall v. Blake*, 885 F.3d 1065 (7th Cir. 2018).

   c. Trustee objects to confirmation as the Plan fails to meet the best interests of creditors test under 11 U.S.C. §1325(a)(4). Debtor has disclosed on Schedule A/B at Line 34 and then testified at the §341 Meeting that he has a pending claim for a motor vehicle accident, and for that reason Section 2.1 of the Plan should be amended to include a provision that Debtor will pay to the Trustee any proceeds from assets received post-petition beyond any

exemptions or amended exemptions for payment to unsecured creditors.

2. Trustee objects to confirmation as the Plan fails to meet the feasibility test under 11 U.S.C. §1325(a)(6) on its face as the Plan provides for a monthly payment from Debtor of $379.04, but then requires a monthly payment to Santander Consumer USA, Inc. under Section 3.3 of $356.64. After reduction of ongoing required and statutory administrative expenses each month, in an amount of approximately $30.32, there is not enough to make the distribution to Santander required by the Plan.

3. Trustee objects to confirmation as the disposable income test has not been met under 11 U.S.C. § 1325(b) as:

    a. Trustee has requested but not yet received current paystubs for Debtor's employment to ensure Debtor is contributing his disposable income to unsecured creditors.

    b. Debtor is not paying his full disposable income as required. Schedule J demonstrates a monthly net income of $405.36 and the Plan proposes to pay monthly payments of $379.04.

WHEREFORE, the Trustee objects to confirmation of the proposed Plan for failure to meet the requirements of 11 U.S.C. §1325(a) and (b).

Dated: December 28, 2023              Respectfully Submitted,

/s/ Tracy L. Updike, Trustee  
Tracy L. Updike, Chapter 13 Trustee  
P.O. Box 11550  
South Bend, IN 46634  
(574) 254-1313

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the attached was sent on December 28, 2023 to:

By U.S. Mail to the Debtor as follows:
    Debtor: Mark Anthony Arnold, 502 Cedar Crest Lane, Mishawaka, IN 46545

By electronic e-mail to the Debtor's Attorney and the U.S. Trustee
    Debtor's Attorney: Miguel F. Martinez
    U.S. Trustee: ustpregion10.so.ecf@usdoj.gov

    /s/ Suzanne Hall
    Suzanne Hall, Paralegal
    Office of the Standing Chapter 13 Trustee
    Tracy L. Updike